IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMI APRIL MUSIC INC., OLLIE BROWN SUGAR MUSIC, DLE MUSIC, JOBETE MUSIC CO., INC., BLACK BULL MUSIC, INC., TVT MUSIC, INC. and 50 CENT MUSIC, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:05-CV-1870-M |
| KNOW GROUP, LLC, TERESA FRANKLIN TAYLOR and PHILLICIA Y. BRYANT, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment.  Defendants have defaulted.[1]  For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment in its entirety.

### I. FACTUAL BACKGROUND

Teresa Franklin Taylor and Phillicia Y. Bryant are the managing members of The Know Group, LLC ("Know Group"), which owns and operates the entertainment establishment Tephejez in Dallas, Texas.  In September 2004, the American Society of Composers, Authors and Publishers ("ASCAP") contacted Taylor to inform her that she needed to obtain permission

---

[1] The Court previously sanctioned all three Defendants for their conduct by prohibiting them from defending themselves in this action.  *See* Court's Order of May 11, 2006 [Docket No. 18]. The Court's sanction order was tantamount to an entry of default, and in any event, Defendants' defaults were apparent from the docket when the Court ordered them to show cause on March 8, 2006.  *See* Court's Order of Mar. 8, 2006 [Docket No. 16].  It is of no moment that a formal entry of default has not been made.  *See Conn. Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 88, 884-85 (7th Cir. 1990).

to perform copyrighted works at Tephejez.  ASCAP is a national copyright licensing organization used by composers (including Plaintiffs) to license their works.

ASCAP repeatedly offered the license for its repertory to Taylor and Bryant throughout the fall of 2004 and spring of 2005.  Various ASCAP representatives made repeated attempts to make contact with Taylor and Bryant by mail, by phone, and in person.  ASCAP representatives spoke by phone at least once with Taylor and Bryant, and Bryant signed for an ASCAP letter, sent via certified mail, that explained the need for them to obtain permission to perform copyrighted music at Tephejez.  Neither Taylor nor Bryant accepted ASCAP's license offer.

On July 2, 2005, ASCAP sent Jim Casanova to investigate Tephejez.  Casanova's report shows that three songs in the ASCAP repertory were publicly performed at Tephejez on that date: *Here and Now*, the copyright of which is owned by EMI April Music Inc., Ollie Brown Sugar Music, and DLE Music;  *Ribbon in the Sky*, the copyright of which is owned by Jobete Music Co. and Black Bull Music, Inc.; and *Just a Lil Bit*, the copyright of which is owned by TVT Music, Inc. and 50 Cent Music.  Defendants had not obtained permission from Plaintiffs or from ASCAP to perform these songs.

Plaintiffs commenced this action on September 20, 2005.  The Defendants were served, and the Court granted their motion for an extension of time to answer the Complaint.  Without filing an answer, Defendants' attorney moved to withdraw as counsel.  Defendants did not object to the withdrawal, which the Court granted.  The Court then ordered Defendants to obtain new counsel or to declare an intention to proceed *pro se*.  None of the Defendants did so.  The Court then ordered Defendants to show cause why they should not be sanctioned for failing to comply with the Court's Order.  None of the Defendants attempted to show cause.  As a sanction, the

Court prohibited the Defendants from defending themselves in this case.  Plaintiffs then moved

for summary judgment.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and

other summary judgment evidence show that no reasonable trier of fact could find for the

nonmoving party as to any material fact.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477

U.S. 317, 323–25 (1986); *Pourgholam v. Advanced Telemarketing Corp.*, No. 3:01-CV-2764-H,

2004 U.S. Dist. LEXIS 10659, at *2–3 (N.D. Tex. June 9, 2004).  "The moving party bears the

initial burden of identifying those portions of the pleadings and discovery in the record that it

believes demonstrate the absence of a genuine issue of material fact, but is not required to negate

elements of the nonmoving party's case."  *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622,

625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25).  In a case such as this one in which the

movant bears the burden of proof on an issue, the movant "must establish beyond peradventure

*all* of the essential elements of the claim" to warrant judgment in its favor.  *Fontenot v. Upjohn*

*Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Once the movant carries its initial burden, the burden

shifts to the nonmovant to show that summary judgment is inappropriate.  *Fields v. City of S.*

*Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts

proving that a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).  That party may not rest on conclusory allegations or denials in

its pleadings that are unsupported by specific facts.  FED. R. CIV. P. 56(e).  The Court must

review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625.

### B. Copyright Infringement

The owner of the copyright in a musical composition has the exclusive right to perform that musical composition publicly and to authorize others to do so. 17 U.S.C. § 106(4). A person who violates this exclusive right is a copyright infringer. 17 U.S.C. § 501(a). To establish a defendant's liability for copyright infringement arising from unauthorized public performance, a plaintiff must prove:

> (1) the originality and authorship of the compositions involved;
>
> (2) compliance with all formalities required to secure a copyright under Title 17 of the United States Code;

(3) that plaintiffs are the proprietors of the copyrights of the composition involved
in this action;

(4) that the compositions were performed publicly;

(5) that the defendants had not received permission from any of the plaintiffs or
their representatives for such performance.

*Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 577 (E.D. Tex. 1993).  A federal copyright
registration certificate provides prima facie evidence of the first three elements.  *Fermata Int'l
Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1259 (S.D. Tex. 1989).

*1.  Ownership and registration of copyrights*

Plaintiffs submitted the declaration of Mary A. Jenkins, a paralegal for ASCAP who
manages ASCAP's business records.  Attached to her declaration are copies of the copyright
registration certificates for *Here and Now*, *Ribbon in the Sky*, and *Just a Lil Bit*.  The certificates
constitute prima facie evidence of plaintiffs' authorship, registration, and ownership of
copyrights in these songs.

*2.  Public Performance*

As evidence of Defendants' public performance of Plaintiffs' songs, Plaintiffs submitted
the declaration of Douglas Jones, a litigation administrator for ASCAP.  Attached to the Jones
Declaration as Exhibit A-2 are the report and notes of Jim Casanova, an investigator who visited
Tephejez on July 2, 2005.  Casanova's report indicates that on July 2, 2005, *Ribbon in the Sky*
was performed at 9:50 p.m., *Lil Bit* at 10:07 p.m., and *Here and Now* at 10:50 p.m.  Casanova's

statements are uncontradicted and constitute competent summary judgment evidence that the songs were performed at Tephejez on July 2, 2005.[2]

*3.  Lack of permission*

In their Complaint, Plaintiffs state that they have never authorized Defendants to perform their copyrighted musical compositions.  Compl. ¶11.[3]  Plaintiffs have given authority to ASCAP to sell licenses for the nondramatic public performance of their copyrighted music.  Through the Jones declaration, ASCAP denies having ever granted to Defendants any license to perform the songs at issue.  Jones Decl. ¶12.  The uncontroverted evidence shows that Defendants did not have Plaintiffs' permission to perform their songs on July 2, 2005.

Plaintiffs' competent summary judgment evidence shows that no genuine issue of material fact exists as to the unauthorized performance of the three songs in issue at Tephejez on July 2, 2005.  The burden thus shifts to the Defendants to raise a triable issue, but they have not done so.  Summary judgment for Plaintiffs is thus appropriate.

*C.  Liability for the Infringements*

Liability for copyright infringement falls not only on the person who actually performed the copyright music, but also to persons who (1) had the right and ability to control the infringing activity and (2) had a direct financial interest in that activity.  *Nelson-Salabes, Inc. v. Morningside Dev.*, 284 F.3d 505, 513 (4th Cir. 2002); *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767–68 (W.D. Tex. 1990).

---

[2] Although Casanova's statements might constitute hearsay, the Court declines to address the issue in the absence of an objection.

[3] By virtue of their default, Defendants have admitted that the factual allegations in the Complaint are true.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Plaintiffs allege that Defendant Know Group owns, controls, and operates Tephejez.
Compl. ¶4.  By its failure to answer the Complaint, Know Group has admitted this factual
allegation.  *Nishimatsu*, 515 F.2d at 1206.  The Court therefore finds that Know Group had the
right and ability to control the infringing activity at Tephejez and had a direct financial interest in
that activity.  Thus, Know Group is liable for the copyright infringements that occurred at
Tephejez on July 2, 2005.

Plaintiffs further allege that Taylor and Bryant were at all relevant times the managing
members of Know Group, a limited liability company organized under the laws of Texas.
Compl. ¶¶ 4–5.  By their respective failures to answer the Complaint, Taylor and Bryant have
admitted the allegations.  *Nishimatsu*, 515 F.2d at 1206.  As managing members of Know Group
Taylor and Bryant had the authority to control Know Group's business and affairs, including
managing the infringing activities at Tephejez.  *See* TEX. REV. CIV. STAT. ANN. art. 1528n, §
2.12.  Taylor and Bryant are also entitled to participate in the profits of the business, and thus
they have a direct financial interest in the infringing activity.  *See* TEX. BUS. ORG. CODE §
101.201.  Thus, the Court finds that Taylor and Bryant are vicariously liable for the copyright
infringement that occurred at Tephejez on July 2, 2005.

## D.  Damages

### 1.  Injunctive Relief

The Copyright Act authorizes the Court to grant "temporary and final injunctions on such
terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. §
502(a).  When an infringement occurs, the copyright owner is entitled to an injunction
prohibiting further infringing performances.  *See Twentieth Century Music Corp. v. Frith*, 645
F.2d 6, 7 (5th Cir. 1981); *Canopy Music, Inc. v. Harbor Cities Broadcasting, Inc.*, 950 F. Supp.

913, 916 (E.D. Wis. 1997). The Court recognizes, as other courts have, that the Plaintiffs here represent the interests of all ASCAP members whose music could be infringed by Defendants and therefore finds that injunctive relief should protect all music in the ASCAP repertory. *See Canopy Music*, 950 F. Supp. at 916; *Meadowgreen Music v. Voice in the Wilderness Broadcasting, Inc.*, 789 F. Supp. 823, 826 (E.D. Tex. 1992).

The Court therefore will enter a permanent injunction providing that Know Group, LLC, Teresa Franklin Taylor, and Phillicia Y. Bryant (collectively "Defendants"), and their agents, servants, employees, attorneys, and any others in active participation with them who receive notice be permanently enjoined and restrained from presenting public performances of the copyrighted musical compositions in the ASCAP repertory, including those belonging to the plaintiffs, without permission from the copyright owner or a license from ASCAP obtained in advance of the performance, at or through any establishment or business owned, managed, controlled, or operated, in whole or in part, directly or indirectly, by Defendants.

*2. Monetary Damages*

A copyright owner is entitled to recover from an infringer either actual damages or statutory damages. 17 U.S.C. § 504(a). Statutory damages may be awarded in an amount between $750 and $30,000 per infringement, as the Court deems just. 17 U.S.C. § 504(c)(1). Where an infringement is committed willfully, the Court may increase the award of statutory damages up to $150,000 per infringement. 17 U.S.C. § 504(c)(2). The Copyright Act does not define the term "willfully." In the Fifth Circuit, "[a] defendant acts 'willfully' within the meaning of § 504(c)(2), however, if he knows his actions constitute an infringement; the actions need not have been malicious." *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

The Court has wide discretion to award damages within the statutory limits.  *F.W. Woolworth v. Contemporary Arts*, 344 U.S. 228, 231–32 (1952); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir. 1987).   The Court is guided, however, by the mantra that complying with the copyright laws should be less costly than violating them.  *Wildlife Express Corp. v. Carol Wright Sales*, 18 F.3d 502, 514 (7th Cir. 1994).   "[I]nfringers should not be free to 'sneer' in the face of the Copyright Act." *Int'l Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), aff'd, 855 F.2d 375 (7th Cir. 1988).   Thus statutory damages should be awarded in an amount sufficient to deter future copyright infringement.  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989), cert. denied, 494 U.S. 1017 (1990).

In light of the deterrent purpose of statutory damages, courts frequently award statutory damages in amounts that are between two and three times the license fee refused by the defendant.  *Int'l Korwin Corp.*, 855 F.2d 375, 383 (affirming damages of "approximately three times the amount that a properly purchased license would have cost"); *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1264 (S.D. Tex. 1989) (awarding $8,000 when $ 2,400 in license fees owed);  *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 914–915 (where license fees would have totaled over $16,000, court awarded $1,000 for each of 23 infringements).

Where a plaintiff seeks statutory damages in excess of the $750 minimum, the infringer has a Seventh Amendment right to a jury determination of the amount of statutory damages.  *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342 (1998).

Plaintiffs seek statutory damages in the amount of $3,500 for each of the three counts of infringement proved.  Defendants have waived their rights to a jury determination of statutory

damages by failing to serve and file a demand for jury trial. FED. R. CIV. P. 38(d). The Court may therefore determine the amount of statutory damages. Plaintiffs' summary judgment evidence showed that the ASCAP fee for a license covering defendants' performances of the ASCAP songs from September 2004 through December 2005 would have been approximately $3,413.84.[4] Jones Decl. ¶ 5. The Court finds that Plaintiffs' request for $10,500 in statutory damages is an appropriate award above the license fee. That amount is not excessive and will serve as a suitable deterrent to future copyright violations.

Although not necessary to sustain Plaintiffs' requested statutory damages, the Court additionally finds that Defendants' infringement was committed willfully. The record shows that Plaintiffs' agents mailed or faxed at least eleven letters to Defendants alerting them of the infringing activity occurring at Tephejez. The record also shows that Plaintiffs' agents spoke with Taylor and Bryant at least once each, informing them that the performance of Plaintiffs' music at Tephejez without a license constituted a violation of federal copyright laws. Plaintiffs' agents made numerous additional attempts to contact Taylor and Bryant by telephone and in person. Defendants knew that their performance of copyrighted songs at Tephejez was a violation of federal copyright law, but they nevertheless persisted in their conduct. Such knowing, intentional violations of copyright law are properly classified as willful infringement.

The Court therefore **GRANTS** Plaintiffs' request for statutory damages in the amount of $10,500.

---

[4] Jones also stated that Defendants' license fees for 2006 would have been approximately $2,300. Jones Decl. ¶ 5. The Court does not rely on this information in determining the statutory damages award because the record is devoid of evidence of any copyright infringement during 2006.

3. *Costs and attorneys' fees*

The Copyright Act provides that, at its discretion, a court may award costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. Fee awards in copyright infringement cases "are the rule rather than the exception and should be awarded routinely." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004). The Court's discretion is guided by factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* Although a finding of willful infringement is not necessary to support an award of attorneys' fees, the defendant's willful infringement may be considered by the Court. *See Int'l Korwin*, 855 F.2d at 384; *accord Naghi v. Europe's Finest, Inc.*, No. 03-30102, 2004 WL 2278508, at *2 (5th Cir. Oct. 1, 2004).

In considering these factors, the Court finds no reason why this case should be governed by an exception rather than the rule. The Defendants failed to put forward any good faith defense to their blatant copyright infringement. Rather than simply taking a license from ASCAP and legitimizing the musical performances at Tephejez, the Defendants declined the license and invited this litigation. It is entirely equitable that Defendants should pay Plaintiffs' costs and reasonable attorneys' fees.

The Court therefore **GRANTS** Plaintiffs' request for an award of costs and reasonable attorneys' fees. Plaintiffs are to submit an affidavit to substantiate their attorneys fees by **November 17, 2006**.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is **GRANTED** in its

entirety.

      **SO ORDERED.**

      **DATED:** November 6, 2006.

 

 

                                  _____

                                  **BARBARA M. G. LYNN**
                                  **UNITED STATES DISTRICT JUDGE**
                                  **NORTHERN DISTRICT OF TEXAS**